## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MONICA KRUSE, individually, and as heir-
at-law of decedent Anthony Kruse, and as
natural mother and legal guardian of minors
and heirs-at-law minors M.K., B.K., and
N.K.,

          Plaintiff,

          v.

MARC W. GERDISCH,

          Defendant.

Case No. 23-1153-TC-RES

## MEMORANDUM AND ORDER

       This matter comes before the Court on Defendant Marc W. Gerdisch, M.D.'s Motion to Stay Deadlines and Proceedings. ECF No. 26. Defendant requests that the Court stay all deadlines in this case pending a ruling on Defendant's motion to transfer this case to the Southern District of Indiana. *Id.* at 1; ECF No. 19. Alternatively, Defendant suggests narrowed discovery that could proceed while the motion to transfer remains pending. ECF No. 19 at 3. Plaintiff Monica Kruse opposes the Motion on the grounds that discovery conducted in Kansas will be as valuable as discovery conducted in Indiana if the case is transferred. *See* ECF No. 30. Alternatively, she too proposes narrowed discovery. *Id.* at 4-5.

       For the reasons explained below, the Motion is granted in part and denied in part.

## I.    BACKGROUND

       On July 28, 2023, Defendant removed this case from Sedgwick County district court. ECF No. 1. Plaintiff asserts one count for medical negligence against Defendant for the wrongful death of her husband, Anthony Kruse. *See id.* Plaintiff brings this action individually, as the heir-at-law

of decedent Anthony Kruse, and as the natural mother and legal guardian of minors and heirs-at-law M.K., B.K., and N.K.  *Id.* at 1-2.

On August 4, 2023, the Court entered an initial order setting a scheduling conference.  ECF No. 13.  On August 28, 2023, Defendant filed a motion and memorandum in support to change venue and transfer this case to the United States District Court for the Southern District of Indiana. ECF Nos. 19-20.  Defendant does not dispute that this Court has jurisdiction over Plaintiff's claim but argues that justice requires this Court to transfer venue to the Southern District of Indiana because the decedent's surgery and Defendant's alleged negligence all occurred in Indiana, the hospital where the decedent received treatment is in Indiana, and all other witnesses to the care decedent received are believed to be in Indiana.  *Id.* at 7.

On September 11, 2023, the day before the scheduling conference, Defendant filed this Motion.  ECF No. 26.  Defendant argues that a stay in this case is appropriate pending a decision on his motion to change venue.  *See id.*  Most importantly, Defendant states that if this case is transferred:

> the Indiana Medical Malpractice Act would require Plaintiff to present a proposed complaint to a mandatory medical screening panel—made up of members of Defendant's profession—prior to filing litigation and obtaining discovery through civil litigation.  *See* I.C. § 34-18-8-4 (requiring submission of a claimant's proposed complaint to the medical review panel prior to commencing an action in court); *see generally,* I.C. § 34-18-10, *et. seq.*  Defendant is entitled to these protections as an Indiana practitioner.  *Id.*

*Id.* at 2 n.2.  Moreover, Defendant states that any proceedings in this District likely will be duplicated if the case is transferred.  *Id.* at 3.  Even if the case is not transferred, Defendant still requests a stay because Defendant "timely requested to alternatively send the matter to the Kansas Medical Malpractice Screening Panel."  *Id.*

On September 13, 2023, and as discussed with the parties during the scheduling conference, the Court continued the scheduling conference and found good cause to delay issuance of a scheduling order pending a decision on this Motion.  ECF No. 28.  The Court also expedited briefing on this Motion.  *Id.*

On September 20, 2023, Plaintiff filed her response to the Motion.  ECF No. 30.  Plaintiff argues that the medical screening panels in Kansas and Indiana are nearly identical, and that any discovery conducted in this case will be "just as valuable as discovery conducted in Indiana."  *Id.* at 3.  Plaintiff argues that the exchange of evidence, such as medical records, will be used as evidence in a lawsuit proceeding in either this Court or in Indiana and will be used as part of either an Indiana or Kansas medical malpractice screening panel.  *Id.* at 4.  Plaintiff states that "[i]t is difficult to envision a scenario in which *any* of this discovery would not be both beneficial and productive."  *Id.* (emphasis original).  On September 26, 2023, Defendant filed his reply.  ECF No. 31.

This Motion is now fully briefed and before the Court.

## II.   DISCUSSION

### A.   Legal Standard

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  The Tenth Circuit is clear that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Because of this, "[d]iscovery stays generally are discouraged because they interfere with the plaintiff's interest 'in bringing the case to trial.'" *Bledsoe v. Jefferson Cnty., Kan.*, No. 16-2296-DDC, 2021 WL 2229745, at *2 (D. Kan. May 10, 2021) (quoting *Clinton*, 520 U.S. at 707). "The party requesting a stay 'must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay will damage another party.'" *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278, at *1 (D. Kan. Mar. 8, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Outside of the context of a request to stay pending a decision on a dispositive motion, judges in this District have considered five factors in determining whether to exercise their broad discretion to stay pending litigation:

> (1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.

*Spears*, 2012 WL 12837278, at *2. These are the same factors that judges within the Circuit have considered when deciding a motion to stay a case pending a decision on a motion to transfer venue.[1]

### B.    Analysis of Factors Relevant to the Court's Decision

In exercising its broad discretion, the Court finds that discovery should proceed, albeit on a more limited basis, which the parties each alternatively proposed, although their proposals differ. The Court finds that narrowed discovery in this District should proceed because regardless of whether this case is transferred, such discovery can be used in this Court or in Indiana, and the

---

[1]        *See, e.g., Anza Tech., Inc. v. Xilinx, Inc.*, No. 17-CV-00687-WJM-MEH, 2017 WL 10379350, at *1 (D. Colo. Oct. 16, 2017); *Mcgahee v. Trumbull Ins. Co.*, No. 11-CV-03007-WYD-MEH, 2011 WL 6934559, at *2 (D. Colo. Dec. 29, 2011); *Mckenna v. CDC Software, Inc.*, No. CIVA08CV00110-EWN-MEH, 2008 WL 1782656, at *1 (D. Colo. Apr. 17, 2008).

discovery may be relevant to either an Indiana or Kansas medical malpractice screening panel. The undersigned will not speculate as to whether this case will remain in this District, but because of the unique circumstances in this litigation, that uncertainty merits a more tailored approach to discovery while the motion to transfer venue remains pending.

### 1.    Plaintiff's Interests

Plaintiff spends the majority of her response explaining the similarities between the Kansas and Indiana medical malpractice screening panels. ECF No. 30 at 1-3. She argues that putting all discovery on hold "would serve little purpose and ultimately delay disposition of the case" and that proceeding with discovery now will be productive regardless of the ultimate location of trial because certain discovery, such as the medical records and other evidence in the parties' possession, "will ultimately be utilized in either a Kansas or Indiana trial . . . ." *Id.* at 4. Moreover, Plaintiff argues this discovery can be utilized by either medical malpractice screening panel. *Id.* While Plaintiff does not expressly articulate any prejudice that will occur from a stay, "it is well-established that plaintiffs have a strong interest in moving their claims toward a resolution." *Spears*, 2012 WL 12837278, at *2.

Ultimately, Plaintiff argues that "[i]t is difficult to envision a scenario in which *any* of this discovery would not be both beneficial and productive." *Id.* at 4 (emphasis original). The Court agrees with Plaintiff that discovery, particularly targeted discovery in this District, would be beneficial regardless of whether this case is subject to review by an Indiana or Kansas medical malpractice screening panel or is transferred to Indiana. If Defendant's motion to transfer is denied and the Kansas medical malpractice screening panel is convened, the parties may be required to serve on each other and provide copies to the chairperson of the panel of "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and

written contentions on which the" parties rely.  Kan. S.C. Rule 142(h)-(i).[2]  This is nearly identical to the type of evidence an Indiana medical malpractice screening panel would consider if Defendant's motion to transfer is granted.  *See* IC § 34-18-10-17(b) (the evidence considered by the medical review panel, which must be submitted promptly by the parties, may include "medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and any other form of evidence allowable by the medical review panel.").  Moreover, Indiana explicitly allows parties to conduct depositions "before the convening of the panel."  IC § 34-18-10-17(c).

As the Southern District of Indiana has stated, "the parties have obligations to provide information directly to the medical review panel and to each other *regardless* of the existence of this lawsuit."  *Dircks v. v. Indiana Dep't of Child Servs.,* No. 1:21-CV-00451-JMS-MG, 2021 WL 2701346, at *6 (S.D. Ind. July 1, 2021) (emphasis added).  Therefore, regardless of the ruling on Defendant's motion to transfer or how this case proceeds based on such a ruling, any "evidence"

---

[2]     Defendant states that even if his motion to transfer is denied, the case should be stayed while it is referred to a Kansas medical malpractice screening panel.  ECF No. 26 at 3.  But Kansas Supreme Court Rule 142(g) states that the court "*may* issue an order partially or completely staying discovery pending a screening panel's report." (emphasis added).  "[A] stay is not required[.]"  *Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *5 (D. Kan. Feb. 28, 2018).  Rather, the Court still has discretion to stay this case pending review by the panel.  *See Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 1303966, at *2 (D. Kan. Mar. 19, 2020), *aff'd*, No. 21-3008, 2022 WL 538120 (10th Cir. Feb. 23, 2022), and *aff'd*, No. 21-3008, 2022 WL 538120 (10th Cir. Feb. 23, 2022) ("The court has discretion whether to stay a case pending review by a medical malpractice screening panel.").

Plaintiff cites to *Soto-Montes* for the proposition that stays pending a decision by the Kansas medical malpractice screening panel are not uncommon.  ECF No. 31 at 1.  But in *Soto-Montes*, the court only granted Plaintiff's motion to stay in part, staying all discovery aside from discovery that was needed for the jurisdictional issues in the case.  *Soto-Montes*, 2018 WL 1083260, at *6.  The plaintiff's request to stay was denied in part in the event the court had jurisdiction over his claims.  *Id.*  If there was jurisdiction, the court ordered the parties to produce "all medical records and related information potentially provided by the parties to the screening panel, under Kansas Supreme Court Rule 142(g) and (h)" within 45 days from the date of the formal appointment of the medical malpractice screening panel.  *Id.*

obtained in this District may be presented to an Indiana or Kansas medical malpractice screening panel.  Defendant makes no argument to the contrary.

The Court finds that this factor weighs against a full stay of this action.

### 2. Burden on Defendant

In articulating his burden if discovery proceeds, Defendant states that "[a]ny proceedings which take place in this Court while Defendant's Motion to Transfer Venue is pending will need to be duplicated in the United States District Court for the Southern District of Indiana if the Court grants Defendant's Motion to Transfer Venue."  ECF No. 26 at 3.  Defendant argues that he may have different counsel if the case is transferred to Indiana and discovery in Indiana state or federal court could be subject to different substantive and procedural rules.  ECF No. 31 at 2.  Defendant also argues that Rule 1 "favors caution and implementation of a stay out of respect for Indiana's procedural and substantive laws."  *Id.* at 2.

Defendant does not articulate any specific cost or otherwise particularize the burden on him if discovery proceeds in whole or in part.[3]  Even if this case is transferred to Indiana and Defendant obtains new counsel in Indiana, Defendant does not articulate any material time or cost in reviewing discovery conducted in this District, particularly if discovery is narrowed to written discovery and document production.  Defendant does, however, articulate the inefficiencies

---

[3]        Defendant cites several cases noting that other courts rule on a motion to transfer venue and motion to stay at the same time.  ECF No. 26 at 4.  Here, these motions were filed separately, two weeks apart, and are pending before different judges.  The undersigned will resolve this Motion, but expressly declines to predict how the District Judge will rule on Defendant's motion to transfer.  *Accord Masciotra v. Vertafore, Inc.*, No. 20-CV-03603-WJM-NYW, 2021 WL 3887949, at *2 (D. Colo. Feb. 3, 2021) (discussing whether a magistrate must address the merits of a motion to transfer venue pending before a district judge in ruling on a motion to stay and holding that there is "no authority from the United States Court of Appeals for the Tenth Circuit . . . that requires a court to take a 'preliminary peek' at the merits of the Motion to Transfer.").

associated with proceeding with depositions and expert discovery when Defendant's current counsel, who is not licensed to practice in Indiana, might change if the case is transferred.

Defendant argues that Plaintiff's response to the Motion "ignores the practical impact of a screening panel's finding" in that any report by either panel would be admissible as evidence, and any finding by a panel "shapes litigation and the prospects of settlement." ECF No. 31 at 2. But the Court will not predict what impact, if any, a screening panel's finding will have on either party or that the panel's finding is of more value than discovery produced by the parties. Allowing the parties to begin to obtain evidence that may be used by either medical malpractice screening panel seems to be more beneficial than burdensome. *See, e.g., Soto-Montes*, 2018 WL 1083260, at *5 (stating that "discovery concurrent with the efforts of the panel—or, at least, written discovery— does not appear unduly prejudicial to any party.").

The Court therefore finds that the burden on Defendant weighs in favor of proceeding with limited discovery, but not in favor of a wholesale stay.

### 3.    Convenience to the Court

Neither party discusses the convenience of the Court. "The court has an interest in judicial efficiency in terms of managing its caseload." *Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427, at *3 (D. Kan. May 30, 2018). The Court does not find that a wholesale stay will save the Court time, effort, or resources. Rather, "[i]t is far more likely that a stay would only postpone the court's work, thereby frustrating the court's strong interest in moving its docket." *Spears*, 2012 WL 12837278, at *3 (citation omitted). The Court therefore finds that this factor weighs against a wholesale stay.

### 4.      Interests of persons not parties to the litigation

Neither party directly addresses whether there are other persons who are not parties that have an interest in this litigation.  The Court therefore finds that this factor is neutral.

### 5.      Public Interest

No party has identified any public interest, but "the public has a general interest in prompt resolution of claims."  *Spears*, 2012 WL 12837278, at *3; *Kramer v. Textron Aviation, Inc.,* No. 20-2341-HLT-GEB, 2021 WL 4902249, at *4 (D. Kan. Oct. 21, 2021) (recognizing that other courts and judges in this District have recognized that "the public has a general interest in the prompt resolution of claims." (citation omitted)).  The Court therefore finds that this factor weighs against a wholesale stay.

### C.      The Scope of Narrowed Discovery

The Court does not find that the factors above weigh in favor of a wholesale stay. Nonetheless, because of the unique factual and procedural standing of this case, the Court exercises its discretion to narrow the full scope of discovery while the motion to transfer remains pending.

To their credit, each side proposed a way to narrow the scope of discovery in the alternative to their respective primary positions.  Plaintiff proposes that written discovery and depositions could be limited to three categories: "(1) the parties to this case; (2) any damages witnesses identified by Mrs. Kruse; and (3) any treating health care providers of the decedent, Mr. Kruse." ECF No. 30 at 4.  She additionally suggests proceeding with a protective order, exchanging settlement proposals, and setting a status conference to discuss additional deadlines.  *Id.* at 4-5.  In his reply, Defendant proposes that some discovery may be helpful, such as the limited exchange of requests for production and Rule 26 disclosures.  ECF No. 31 at 2.

The Court orders the parties to meet and confer regarding proposed initial scheduling order deadlines and agreements for targeted discovery while the motion to transfer remains pending. The Court orders the parties to jointly propose dates for *at least* the following events: 1) submission of a proposed protective order; 2) exchange of documents identified in each party's Rule 26 Initial Disclosures; 3) Plaintiff's settlement proposal; and 4) Defendant's settlement counter-proposal. The Court additionally orders the parties to propose reasonable limitations on written discovery requests consistent with what may be presented as evidence to either an Indiana or Kansas medical malpractice screening panel. Absent an agreement by the parties, the Court does not anticipate that this initial limited discovery period will include expert discovery or depositions. The Court strongly encourages the parties to discuss in good faith any additional deadlines or discovery needed in this initial phase, including any actions to preserve discovery needed from non-parties, and to propose any such agreements in a new proposed scheduling order.

On or before November 3, 2023, Plaintiff must submit the following: (1) a redlined version of the proposed scheduling order that shows all changes to the Court's Scheduling Order form, and (2) a clean version of the proposed scheduling order. Both versions of the proposed scheduling order must be submitted in Word format as an attachment to an email sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. After review of this proposed scheduling order, the Court may reconvene the scheduling conference. If the motion to transfer is denied, the Court will require the parties to submit a status report within fourteen calendar days of that order.

## III.    CONCLUSION

For the reasons discussed above, Defendant's Motion to Stay Deadlines and Proceedings (ECF No. 26) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: October 18, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge